```
 1  ROBERT R. BARNES (BAR NO. 144881)
    MICHAEL J. HOLMES (BAR NO. 199311)
 2  ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
 3  501 West Broadway, 15th Floor
    San Diego, California 92101-3541
 4  Phone: (619) 233-1155
 5  Fax:   (619) 233-1158
    E-Mail: bbarnes@allenmatkins.com
 6  E-Mail: mholmes@allenmatkins.com
 7
 8  Attorneys for Plaintiff
    SAFE AUTO INSURANCE COMPANY
 9
```

10                UNITED STATES DISTRICT COURT

11                SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  SAFE AUTO INSURANCE COMPANY, | Case No. 08 CV 1052 DMS NLS |
| 13         Plaintiff, | |
| 14    v. | **NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| 15  SAFE SERVICES, INC., d/b/a SAFE AUTO INSURANCE SERVICES, | Date:       October 3, 2008 |
| 16         Defendants. | Time:       1:30 p.m.<br>Courtroom:  10 |
| 17 | Judge:      Hon. Dana M. Sabraw |

18

19    PLEASE TAKE NOTICE that on October 3, 2008, at 1:30 p.m. in

20  Courtroom 10 of the above-entitled Court located at 940 Front

21  Street, San Diego, California 92101, Plaintiff, Safe Auto

22  Insurance Company ("Safe Auto") will move this Court for entry of

23  default judgment.

24    Pursuant to Rule 55(b) of the Federal Rules of Civil

25  Procedure, Safe Auto, moves this Court for entry of default

26  judgment against defendant, Safe Services, Inc., d/b/a Safe Auto

27  Insurance Services for failure to plead or otherwise defend as

28  provided by the Federal Rules of Civil Procedure.

1  The relief sought in the manner of the proposed default
2  judgment is:
3  (1) An injunction against any further use of Safe Auto's
4  federally registered marks "SAFE AUTO INSURANCE," and "1-800
5  SAFE-AUTO," or any other colorable variants thereof, by
6  defendant, Safe Services, Inc., its agents, employees, successors
7  and assigns, and any and all persons or entities acting at,
8  through, under or in active concert or participation with or
9  under authority of or from them.
10  (2) An order directing defendant to remove any and all use
11  of the marks "SAFE AUTO INSURANCE," AND "1-800 SAFE-AUTO," or any
12  colorable variants thereof, from any vehicles, uniforms, signs,
13  newspaper or other advertisements, telephone directory listings,
14  Internet websites, bank accounts, and printed and/or published
15  materials in connection with insurance services, including but
16  not limited to automobile insurance services.
17  Plaintiff hereby waives any claims for damages, profits,
18  fees and costs.
19  This Motion is supported by the attached Plaintiff's
20  Memorandum of Points and Authorities in Support of Motion for
21  Entry of Default Judgment.
22  <u>Procedural Requirements</u>:  If you oppose this motion, you are
23  required to file your written opposition with the Office of the
24  Clerk, United States District Court (880 Front Street, Suite
25  4290, San Diego, CA 92101-8900) and serve the same on the
26  undersigned not later than 14 calendar days prior to the hearing
27  date.
28

1     IF YOU FAIL TO SERVE AN OPPOSITION by the above date, the
2 Court may grant the requested relief without further notice,
3 including entry of an order approving the settlement agreement
4 and proposed distribution of sale proceeds.

5 Dated: September 5, 2008     Attorneys for Plaintiff
    SAFE AUTO INSURANCE COMPANY,

s/Michael J. Holmes
ROBERT R. BARNES (BAR NO. 144881)
MICHAEL J. HOLMES (BAR NO. 199311)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax:   (619) 233-1158

THEODORE R. REMAKLUS
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Phone: (513) 241-2324
Fax:   (513) 421-7269

```
ROBERT R. BARNES (BAR NO. 144881)
MICHAEL J. HOLMES (BAR NO. 199311)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax:   (619) 233-1158
E-Mail: bbarnes@allenmatkins.com
E-Mail: mholmes@allenmatkins.com


Attorneys for Plaintiff
SAFE AUTO INSURANCE COMPANY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFE AUTO INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SAFE SERVICES, INC., d/b/a SAFE AUTO INSURANCE SERVICES,<br><br>Defendants. | Case No. 08 CV 1052 DMS NLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Date:      October 3, 2008<br>Time:      1:30 p.m.<br>Courtroom: 10<br>Judge:     Hon. Dana M. Sabraw |

I.   **INTRODUCTION**

Plaintiff, Safe Auto Insurance Company ("Safe Auto"), seeks Entry of a Default Judgment against defendant, Safe Services, Inc., d/b/a Safe Auto Insurance Services ("defendant"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. In its Motion for Entry of Default Judgment, Safe Auto has waived all claims for damages, lost profits, costs and fees against the defendant and requests this Court to enjoin the defendant from any further use of the "Safe Auto" designation or any other

1  colorable variants of the SAFE AUTO INSURANCE and 1-800-SAFE-AUTO
2  marks, and order the defendant to discontinue and remove any and
3  all existing use of the SAFE AUTO INSURANCE and 1-800-SAFE-AUTO
4  marks from any vehicles, uniforms, signs, newspaper or other
5  advertisements, telephone directory listings, Internet websites,
6  bank accounts, and printed and/or published materials in
7  connection with insurance services.
8       The requirements of Rule 4 of the Federal Rules of Civil
9  Procedure in obtaining service of the complaint upon the
10 defendant have been met.  The defendant has failed to answer or
11 otherwise plead in response to the complaint, and the period
12 provided for filing such a response under Rule 12(a), as set
13 forth in Rule 4, has expired.
14 **II.   FACTUAL BACKGROUND**
15      The plaintiff, Safe Auto, provides consumer-direct personal
16 automobile insurance and operates in numerous states.  Since its
17 inception in 1993, Safe Auto has advertised its products and
18 services under the Safe Auto name.  On March 29, 1994, Safe Auto
19 acquired U.S. Registration No. 1,828,559 for the mark SAFE AUTO
20 INSURANCE, and on September 11, 2001, it acquired U.S.
21 Registration No. 2,489,416 for the mark 1-800-SAFE-AUTO, both for
22 use in connection with its automobile insurance services.  Each
23 of these marks has achieved incontestable status under 15 U.S.C.
24 § 1065, providing conclusive evidence of their validity, and Safe
25 Auto's ownership and exclusive right to use those marks in
26 connection with services recited in the registrations.
27
28

On May 21, 2008, Safe Auto received a letter from the Department of Insurance, Legal Division, Corporate Affairs Division for the State of California in response to its request for approval to use the name "Safe Auto Insurance Company" in California. That letter denied Safe Auto's request on the grounds that its proposed name was too similar to the name of Safe Services, Inc. d/b/a Safe Auto Insurance Service, a licensed California agency whose name had already been approved.

On June 12, 2008, believing that defendant's activities infringed its registered marks, Safe Auto filed with the Court and served on the defendant a Complaint for Declaratory Judgment of Service Mark Infringement. Defendant failed to answer or otherwise plead in this matter and on July 15, 2008, Safe Auto filed a Request of Clerk's Entry of Default. On July 16, 2008, the Clerk entered a default against the defendant.

### III. LEGAL ARGUMENT

The defendant's use of the "Safe Auto" designation in connection with the offering of automobile insurance constitutes an infringement of Safe Auto's U.S. registered marks. Such use is likely to cause confusion, mistake, or deception and will cause serious irreparable damage to Safe Auto's reputation and good will in violation of 15 U.S.C. §1114.

Under Rule 55 of the Federal Rules of Civil Procedure and "[o]n a motion for default judgment, the well-pleaded facts in the complaint relating to liability are taken as true." 10 MOORE'S FEDERAL PRACTICE § 55.32 [1][a] (2007); *see also Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986). In ruling upon a motion for entry of default judgment a court may consider:

|   |   |
|---|---|
| 1 | (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. |

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

All of these factors weigh in favor of granting plaintiff's motion. First, absent entry of a default judgment, the defendant will be free to continue using the "Safe Auto" designation to the continued detriment of and prejudice to Safe Auto. Second, Safe Auto has a strong substantive claim against the defendant. The defendant provides its services under a designation that is identical to plaintiff's registered SAFE AUTO INSURANCE mark. Courts have stated that the "greater the similarity between the marks, the greater the likelihood of confusion." *Dominion Bankshares Corp. v. Deon Holding Co., Inc.*, 690 F. supp. 338, 346 (E.D. Pa. 1988); *see also Brookfield Communs, Inc. v. W. Coast Enter. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999)("[T]he more similar the marks ... the greater the likelihood of confusion."). Additionally, the defendant provides the same services as plaintiff and the "greater the similarity between the ... services, the greater the likelihood of confusion." *Exxon v. Texas Motor Exchange, Inc.*, 628 F.2d 500, 505 (5th Cir. 1980); *see also Brookfield*, 174 F.3d at 1055-56. As likelihood of confusion is all that a plaintiff need show to be entitled to injunctive relief, *Home Box Office, Inc. v. Showtime/The Movie Channel, Inc.*,

832 F.2d 1311, 1314 (2d Cir. 1987), Safe Auto has demonstrated the merits of its claim.

The remaining factors also support an entry of default judgment. Safe Auto's Complaint sufficiently states a claim. It has waived all claims to damages, lost profits, attorney fees and costs, and seeks only injunctive relief. No material facts are in dispute. Additionally, there is nothing to suggest that defendant has failed to plead or otherwise defend due to excusable neglect. Finally, in the absence of strong equitable considerations, entry of judgment in favor of a plaintiff is appropriate where a defendant knowingly fails to file an answer. *Breuer Electric Mfg. Co. v. Tornado Systems of American, Inc.*, 687 F.2d 182 (7th Cir. 1982); *Bonanza Intern., Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973); *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177(C.D. Cal. 2002);

It is well settled that by defaulting, the defendant is deemed to have admitted all well-pleaded factual allegations of plaintiff's Complaint and defendant's liability is established as to each cause of action properly pleaded in the Complaint. *Thomson v. Wooster*, 114 U.S. 104 (1885); *Adriana Int'l. Corp. v. Lewis & Co*, 913 F.2d 1406, 1414 (9th Cir. 1990)(stating that "default conclusively establishes ... liability"); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)(holding that upon default factual allegations are taken as true and establish liability); *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)(stating that "[t]here is no question that a default judgment establishes liability"); *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)(stating that, "[a]s a

general rule, a default judgment establishes as a matter of law that defendants are liable to plaintiff as to each cause of action alleged in the complaint").

Courts have repeatedly held that a defendant who defaults in a trademark infringement action may be subject to injunctive relief. For example, in *Beuer Electric Mfg. Co.*, *supra*, the Court of Appeals for the Seventh Circuit affirmed the trial court's refusal to set aside a default judgment enjoining the defendant's use of the name "TORNADO" and "TORONADO" and ordered the delivery up for destruction of materials bearing the infringing names, the deletion of the names from defendant's vehicles and buildings, and the change in defendant's corporate name. Similarly, the Court of Appeals for the District of Columbia in *Foxtrap, Inc. v. Foxtrap, Inc.*, 671 F.2d 636 (D.C. Cir. 1982), upheld the permanent injunction by default enjoining the defendant from using "Foxtrap, Inc.," "Foxtrap" or "Foxtrappe" as part of its trade name for a discotheque. *See also Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003) (finding permanent injunctive relief appropriate because the claims otherwise warranted an injunction, the defendant had chosen to ignore the lawsuit, and failure to grant the injunction would needlessly expose the plaintiff to the risk of continuing irreparable harm); *Pepsico*, 238 F. Supp. 2d at 1177; *Microsoft Corp. v. Online DataLink Comp., Inc.*, No. 07-cv-01165, 2008 U.S. Dist. LEXIS 36992 (S.D. Cal, May 6 2008); *Microsoft Corp. v. Matthew Evans*, No. 06-cv-01745, 2007 U.S. Dist. LEXIS 77088 (E.D. Cal., Oct. 16 2007).

The Court is given broad powers under 35 U.S.C. §1116 to fashion equitable relief for the protection of federal trademark rights. *See e.g., Taco Cabana Int'l., Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1126 (5th Cir. 1991), *aff'd,* 505 U.S. 763 (1993); *National Geographic Society v. Conde Nast Publications*, Inc. 687 F. Supp. 106, 110 (S.D.N.Y. 1988). Here, plaintiff requests the Court to grant injunctive relief against the defendant, prohibiting its use of Safe Auto's federally registered marks SAFE AUTO INSURANCE, and 1-800-SAFE-AUTO, or any other colorable variants thereof. Additionally, Safe Auto requests the Court to order defendant to cease using and remove any currently existing incidents of Safe Auto's marks. Without such relief, Safe Auto will be unable to exercise its full rights to its marks as protected by the Lanham Act.

## IV. CONCLUSION

Based on the foregoing, the Court should grant Safe Auto's Motion for Entry of Default Judgment, issue the requested permanent injunction against any further use by the defendant, Safe Services, Inc., d/b/a Safe Auto Insurance Services, of the "Safe Auto" designation, or other colorable variants of the SAFE AUTO or 1-800-SAFE-AUTO marks, and order the defendant to remove

1  any and all existing incidents of the SAFE AUTO or 1-800-SAFE-AUTO
2  marks currently in use.
3  Dated:   September 5, 2008         Attorneys for Plaintiff
                                      SAFE AUTO INSURANCE COMPANY,
4
                                      s/Michael J. Holmes
5                                     ROBERT R. BARNES (BAR NO. 144881)
                                      MICHAEL J. HOLMES (BAR NO. 199311)
6                                     ALLEN MATKINS LECK GAMBLE
7                                     MALLORY & NATSIS LLP
                                      501 West Broadway, 15th Floor
8                                     San Diego, California 92101-3541
                                      Phone: (619) 233-1155
9                                     Fax:   (619) 233-1158

10                                    THEODORE R. REMAKLUS
                                      WOOD, HERRON & EVANS, L.L.P.
11                                    2700 Carew Tower
                                      441 Vine Street
12                                    Cincinnati, Ohio 45202
                                      Phone: (513) 241-2324
13                                    Fax:   (513) 421-7269
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA        )
                           ) ss.:
COUNTY OF SAN DIEGO        )

      I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 501 West Broadway, 15th Floor, San Diego, California 92101-3541.

      On **September 5, 2008**, I served on interested parties in said action the within:

> NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT; and

> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

by placing a true copy thereof in sealed envelope(s) addressed as stated below.

Spiegel & Utrera, Authorized Agent for
Safe Services, Inc., dba Safe Auto Insurance Services
4727 Wilshire Blvd., Suite 601
Los Angeles, CA  90010

      I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

      I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

      Executed on **September 5, 2008**, at San Diego, California.

| Pamela T. Lewis | /s/ Pamela Lewis |
|---|---|
| (Type or print name) | (Signature) |

704166.01/SD